(78 Misc. Rep. 362.)

## HUTKOFF et al. v. GLAZER.

(Supreme Court, Appellate Term, First Department. December 6, 1912.)

PAYMENT (§ 18*)—SUFFICIENCY—NOTE OF THIRD PERSON.

The transfer by a debtor to a creditor of the note of a third person, accompanied by an agreement that it was transferred "for the purpose of making payment" for merchandise previously bought, that all sums collected thereon in excess of the indebtedness should be paid to the debtor, and that all costs and disbursements of litigation and attorney's fees should be paid by the debtor, did not constitute payment of the debt, but merely collateral security to which the creditor was first required to resort.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 78–85; Dec. Dig. § 18.*

For other definitions, see Words and Phrases, vol. 6, pp. 5247–5253; vol. 8, p. 7749.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Nathan Hutkoff and others, copartners, doing business as N. Hutkoff & Co., against Alfred Glazer. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial ordered.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

Samuel A. Berger, of New York City (Louis Cohn, of New York City, of counsel), for appellants.

Roy, Watson & Naumer, of Brooklyn (Michael M. Helfgott, of Brooklyn, of counsel), for respondent.

LEHMAN, J. The plaintiffs sold and delivered to the defendant goods of the value of $304.81. The defendant claims that he has paid for these goods. To establish the plea of payment, the defendant shows that, after the sale, he assigned and transferred to the plaintiffs a note of a third party of the face value of over $500. The defendant, of course, does not dispute the rule that, in the absence of a special agreement, a note of a third party given for a precedent debt is presumed to be given as collateral security, and not in payment of the debt. He claims only that in this case the note was, by special agreement in writing, received as payment. This agreement is in evidence, and recites that, in consideration of a sale made on the 1st day of October, 1907, and in consideration of $1 and other good and valuable consideration, the defendant assigns, sells, transfers, and sets over to the plaintiffs all his right, title, and interest to the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

note in question to have and to hold by the said plaintiffs, with the "same rights as are presently vested in the said Alfred Glazer." The agreement then continues as follows:

"It is further understood and agreed that the said note above referred to is hereby assigned by the said Alfred Glazer *for the purpose of making payment* unto N. Hutkoff & Co. for the said merchandise heretofore bought by him of them, and which is more specifically referred to above.

"It is further understood and agreed that N. Hutkoff & Co., after the institution of suit for the recovery upon said note, do turn over to Alfred Glazer any and all sums that they may obtain from the said makers or endorsers upon said note, which may be in addition or a surplus to the indebtedness of three hundred (300) dollars.

"All costs and disbursements of litigation, as well as attorney's fees, shall be paid by the said Alfred Glazer."

The learned trial justice, after careful consideration, has decided that the agreement establishes that the note was received in payment of the prior indebtedness, and that the plaintiffs cannot recover upon this indebtedness, though they have reduced the note to judgment, and have unsuccessfully used all reasonable efforts to collect the judgment.

It seems to me that this interpretation of the agreement is incorrect, and that, in the absence of circumstances showing a contrary intent, it must be construed merely as an agreement for collateral security to which the plaintiffs were to resort to secure payment in the first instance. The agreement does not state that the note is assigned "in payment," but merely "for the purpose of making payment," and this clause is entirely consistent with the view that payment is to be made only from the proceeds of the note, and not by transfer of the note itself. This construction of the contract becomes clear from the following section, which provides that the surplus collected over the indebtedness must be turned over to the defendant, and that the defendant shall pay the costs of litigation. It seems that the reasonable construction of the agreement is that the defendant transferred to the plaintiffs a third party's note, which they were to have a right to collect at defendant's expense for the purpose of making payment of defendant's indebtedness, accounting to him for the amount received, but that payment should not be complete until the amount of the indebtedness was actually collected on the note. Any other construction would seem hard to reconcile with the agreement of defendant to pay the expenses of litigation; for this agreement to pay is in form absolute, and not merely to pay from a possible surplus.

Judgment should be reversed, and a new trial ordered with costs to appellants to abide the event. All concur.